accused failed to appear and the magistrate had declared and recorded the fact and effect thereof upon the files. The clerk could not by a willful refusal, a negligent omission, or an unavoidable failure, caused by a pressure of other official duties, to make up the record for the official signature of the magistrate, relieve the parties from the responsibility, that had already attached. The memorandum made by the justice upon the files would be proper and sufficient evidence, in an action brought upon the recognizance, to show that default had been made. *Hickey v. Hinsdale*, 8 Mich., 267. The statute, Comp. L., § 7854, does not contemplate that nothing short of a record in the docket of the magistrate of such default would be sufficient, or that the recognizance and record, as made in his docket, should be certified to the circuit. We are of opinion that the original memorandum of the default and forfeiture as minuted upon the files, or upon the recognizance, is the record there contemplated, and would be sufficient evidence, when properly certified to, of the facts there stated. The loss of the files with the original entries thereon, was sufficiently accounted for to admit secondary evidence.

The judgment must be reversed and a judgment rendered in favor of the People for the amount of the recognizance with costs.

The other Justices concurred.

———◆———

THE PEOPLE v. MINNIE TUTHILL AND WILLIAM QUINN.

Case made from Wayne. Submitted June 19. Decided October 9.

ACTION upon forfeited recognizance. Plaintiff had judgment below.

*Henry N. Brevoort* and *Charles E. Miller* for the plaintiff. A principal in a recognizance is in the custody of his sureties, who can arrest him at any time and surrender him to the court, *Lamonte v. Ward*, 36 Wis., 558; *People v. Stager*, 10 Wend., 431; every adjournment of an examination does not necessitate a new recognizance, *People v. McCoy*, 39 Barb., 73; the bond is intended to insure the appearance of the accused to answer respecting the offense charged, *Dennard v. State*, 2 Kelly (Ga.), 137; and he is not to depart until discharged, even though tried and acquitted, *State v. Stout*, 6 Halst. (N. J.), 124.

*Hawley & Firnane* for defendant Tuthill. Fresh bail should be taken on the adjournment or postponement of a criminal examination, *People v. Freeman*, 20 Mich., 413; *Ogden v. People*, 62 Ill., 63; there should be record evidence of a default on a recognizance, and the certificate thereof by the justice should be a transcript of the record, *Park v. State*, 4 Ga., 329; *State v. Grigsby*, 3 Yerg., 280.

*Maybury & Conely* for defendant Quinn. Oral evidence of proceedings required by law to be recorded does not become competent by reason of neglect to record them, *Stevenson v. Bay City*, 26 Mich., 44; *Longley v. Vose*, 27 Me., 179; *Jordan v. School Dist.*, 38 Me., 164; *Benninghoof v. Finney*, 22 Ind., 101; *Cabot v. Britt*, 36 Vt., 349; *Hall v. People*, 21 Mich., 456; *Moser v. White*, 29 Mich., 59.

MARSTON, J. The questions raised in this case are disposed of by the opinion in *People v. Gordon*, ante, p. 259.

The judgment will be affirmed with costs.

The other Justices concurred.